UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cr-80032-Middlebrooks/Matthewman

UNITED STATES OF AMERICA

v.

CURTIS LAMONT ADKINS,

Defendant.

_____/

## FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

The United States of America and CURTIS LAMONT ADKINS ("the Defendant") agree that had this matter proceeded to trial, the United States would have proven the following elements and facts beyond a reasonable doubt:

### Count 1 Elements – Attempted Sex Trafficking of a Minor

(a)     the Defendant knowingly attempted to entice or patronize by any means a fictitious person who had attained the age of 14 years but had not attained the age of 18 years;

(b)     the Defendant did so knowing or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

(c)     the Defendant's acts were in or affected interstate commerce.

### Facts

1.     Law enforcement, acting in an undercover capacity, posted a prostitution ad on a website commonly used for prostitution.   On or about January 29, 2026, the Defendant, using his cell phone and the internet, responded to the ad by sending a text message to the number in the ad.

2.     An undercover agent ("UC1") responded to the Defendant and advised him that the girl in the ad was 15 years old. The Defendant replied "Damn" and asked "No police right?" UC1 said "hell no" and the Defendant agreed to proceed with the transaction and asked for the address. UC1 then told the Defendant that they had to do a video call first.

3.     UC1 then had a video call with the Defendant, in which the Defendant used his cell phone and the internet.   During the video call, UC1 reminded the Defendant that the girl from the ad was 15 years old.   UC1 pointed the camera toward the undercover agent whose body was portrayed in the ad ("UC2") so that the Defendant could see her face.   UC1 then asked the Defendant what he wanted.   The Defendant responded, "just sex."

4.     After the video call, UC1 texted the Defendant the address to meet. The Defendant replied by asking about how to pay. Ten minutes later, the Defendant texted UC1 that he was worried about the age: "Damn boo honestly, I just don't feel right. She's only 15 & I just got out of prison from doing 20. I can't afford to get caught up no kinda way. So damn I really wanted to see her, but with her age they gonna throw my ass under the jail." UC1 responded, "its cool babe we are here if you decide to come." Ten minutes later, the Defendant texted back to confirm that the undercover agents were not police and agreed to meet.   About an hour later, the Defendant arrived at the place they agreed to meet in Palm Beach County in the Southern District of Florida.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 4/8/24

By: _____
JUSTIN CHAPMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 3/30/26

By: _____
SCOTT BERRY
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 3/30/26

By: _____
CURTIS LAMONT ADKINS
DEFENDANT